LIFE INSURANCE COMPANIES — AUTHORITY TO ISSUE LETTERS OF CREDIT Life insurance companies doing business in Oklahoma have the authority to guarantee debts and obligations of third parties or their subsidiaries to banks and other lending institutions. Life insurance companies doing business in Oklahoma have the authority to issue letters of credit or loan commitments. This is to acknowledge receipt of your letter wherein you ask the following questions: "1. Does a life insurance company, under Oklahoma law, have the authority to guarantee debts and obligations of third persons or their subsidiaries to banks and other lending institutions? "2. Does a life insurance company, under Oklahoma law, have the authority to issue Letters of Credit or loan commitments?" In this same letter, you make reference to 36 O.S. 609 [36-609] (1971), wherein you stated as your understanding that life insurance companies are limited to transactions in only life, accident and health insurance. You also referred to 36 O.S. 702/ 36 O.S. 707 [36-707] (1971), and 36 O.S. 708 [36-708] (1971), which define "life insurance", "credit insurance", and "surety insurance" respectively. With reference to your first question, the distinction between a surety and a guaranty should first be pointed out. Black's Law Dictionary, Revised Fourth Edition, states: "A surety and guarantor have this in common, that they are both bound for another person; yet there are points of difference between them. A surety is usually bound with his principal by the same instrument, executed at the same time and on the same consideration. He is an original promisor and debtor from the beginning, and is held ordinarily to every known default of his principal. On the other hand, the contract of guarantor is his own separate undertaking, in which the principal is not joined. It is usually entered into before or after that of the principal, and is often founded on the separate consideration from that supporting the contract of the principal. The original contract of the principal is not the guarantor's contract, and the guarantor is not bound to take notice of its non-performance. The surety joins in the same promise as his principal and is primarily liable; the guarantor makes a separate and individual promise and is only secondarily liable. His liability is contingent on the default of his principal, and he only becomes absolutely liable when such default takes place and he is notified thereof. 'Surety' and 'guarantor' are both answerable for debt, default, or miscarriage of another but liability of guarantor is, strictly speaking, secondary and collateral, while that of surety is original, primary, and direct. In case of suretyship there is but one contract, and surety is bound by the same agreement which binds his principal, while in the case of guaranty there are two contracts, and guarantor is bound by independent undertaking. "A surety is an insurer of the debt or obligation; a guarantor is an insurer of the solvency of the principal debtor or his ability to pay." Thus, the guaranteeing of debts or obligations of third parties is not the same as acting in the capacity of a surety company. In answering your first question, it is necessary to determine the extent of powers granted to Oklahoma corporations in general. The Oklahoma Business Corporation Act, 18 O.S. 1.1 [18-1.1] — 18 O.S. 1.250 [18-1.250], applies to "every private corporation formed or domesticated" in Oklahoma. See 18 O.S. 1.3 [18-1.3] (1971). Thus, domestic life insurance companies have the same general powers as other corporations organized in Oklahoma, unless there is some specific additional restriction of these powers." Likewise, foreign domesticated life insurance companies "shall enjoy the same rights and privileges as, but none greater than, a domestic corporation. . ." See 18 O.S. 1.199 [18-1.199] (1971). As stated above, 36 O.S. 609 [36-609] (1971) limits the insurance contracts that life insurance companies may transact. However, this does not limit other business activities with which life insurance companies may enter into. The corporate powers granted specifically to insurance companies are set out in 36 O.S. 2106 [36-2106] (1971). This section enumerates the powers granted and states in part: ". . . To exercise all such other powers as may be necessary to effect the object of such corporation, subject to the restrictions -herein provided; . . ." The object or objects of a corporation are generally set out in the articles of incorporation. Title 36 O.S. 2105C [36-2105C](10) (1971) states in part: "C. The articles of incorporation shall state: "10. Such other provisions, not inconsistent with law, as deemed appropriate by the incorporators." Thus, the objects of the corporation could conceivably be expanded to do all things authorized under the Business Corporation Act, if these objects are not otherwise prohibited elsewhere in Title 36, Oklahoma Statutes. As stated above, 18 O.S. 1.3 [18-1.3] (1971) applies the Oklahoma Corporation Business Act to domestic life insurance companies, unless otherwise restricted, and 1.199 gives foreign domesticated life insurance companies the same rights and privileges as domestic life insurance companies. Title 18 O.S. 1.19 [18-1.19] (1971) sets out the powers of all domestic corporations and states in Subsection 5: "To enter into contracts, incur obligations, and otherwise engage in, transact, and carry on business in this State or elsewhere; . . . " Thus, life insurance companies are authorized to enter into business transactions such as guaranteeing debts and obligations of third parties unless otherwise specifically prohibited. No specific prohibition could be found in this regard. Therefore, the Attorney General is of the opinion that your first question be answered in the affirmative. With reference to your second question, it is necessary to consider the statutes cited above and the answer to question one, and to also look at 36 O.S. 1601 [36-1601] through 36 O.S. 1629 [36-1629] (1971), which pertain to investments. Section 36 O.S. 1619 [36-1619] authorizes a life insurer to make loans to its policy holder up to certain amounts. Section 36 O.S. 1622 [36-1622] authorizes loans and mortgages taken on real estate. Section 36 O.S. 1623 [36-1623] authorizes purchase money mortgage loans. Section 36 O.S. 1627 [36-1627] authorizes loans secured by certain securities. These sections, in effect, provide for loans by insurance companies. Thus, if a life insurance company may make loans as mentioned above, it logically follows that it could also commit itself to make such a loan at a later date. In addition, the statutes cited above under question one provide for corporations to enter into business transactions. These business transactions may very well include making loans, and committing itself for the making of loans in the future. With reference to the issuance of letters of credit, a letter of credit has been defined by Black's Law Dictionary, Revised Fourth Edition, as: "A written instrument, addressed by one person to another, requesting the latter to give credit to the person in whose favor it is drawn. A letter of credit is in the nature of a negotiable instrument, and is a letter whereby a person requests another to advance money or give credit to a third person, and promises to repay the person making advancement." It is also defined in 12A O.S. 5-103 [12A-5-103] (1971) as follows: " 'Credit', or 'letter of credit' means an engagement by a bank or other person made at the request of a customer and of a kind within the scope of this Article. . . that the issuer will honor drafts or other demands for payment upon compliance with the conditions specified in the credit. A credit may be either revocable or irrevocable. The engagement may be either an agreement to honor or a statement that the bank or other person is authorized to honor." The issuance of a letter of credit would come within a contract, incurring of an obligation, or transaction of business under 18 O.S. 1.19 [18-1.19] (1971), Subsection 5; therefore, it would be authorized in the absence of any specific prohibition, and no specific prohibition could be found. It is, therefore, the opinion of the Attorney General that your first question be answered in the affirmative. Life insurance companies doing business in Oklahoma have the authority to guarantee debts and obligations of third parties or their subsidiaries to banks and other lending institutions. It is further the opinion of the Attorney General that your second question be answered in the affirmative. Life insurance companies doing business in Oklahoma have the authority to issue letters of credit or loan commitments. (Todd Markum)